# EXHIBIT "A"

**to the Notice of Removal dated August 23, 2017**

*Cameron Bridge Works, LLC v. Allied World Specialty Insurance Company*

STATE OF NEW YORK,
SUPREME COURT, CHEMUNG COUNTY

------------------------------------------------------------x

CAMERON BRIDGE WORKS, LLC,
727 Blostein Boulevard, Horseheads, NY 14845,
                              Plaintiff,

            -against-                                    **SUMMONS**

                                              Index No. ~~2017-~~
ALLIED WORLD SPECIALTY INSURANCE                         _2017-_
COMPANY f/k/a DARWIN NATIONAL                            _1920_
ASSURANCE COMPANY,
30 South 17th Street, Philadelphia, PA 19103,
                              Defendant.

------------------------------------------------------------x


TO THE ABOVE-NAMED DEFENDANT:

            YOU ARE HEREBY SUMMONED to answer the Complaint in this action and to

serve a copy of your answer, or, if the Complaint is not served with this Summons, to serve a notice

of appearance, on the plaintiff's attorneys within twenty (20) days after the service of this

Summons, exclusive of the day of service, or within thirty (30) days after completion of service

where service is made in any manner other than by personal delivery within the state.  In case of

your failure to appear or answer, judgment will be taken against you by default for the relief

demanded in the Complaint.

            Chemung County is designated as the place of trial on the grounds that Plaintiff's

principal office is located therein.


Dated: August 1 𝑜2, 2017            Sayles & Evans

                                    _____

                                    Conrad R. Wolan, of counsel
                                    Attorneys for Plaintiff
                                    One West Church Street
                                    Elmira, NY 14901
                                    Telephone Number: (607) 734-2271

STATE OF NEW YORK,
SUPREME COURT, CHEMUNG COUNTY

---------------------------------------------------------------x

CAMERON BRIDGE WORKS, LLC,

                            Plaintiff,

      -against-

ALLIED WORLD SPECIALTY INSURANCE
COMPANY f/k/a DARWIN NATIONAL
ASSURANCE COMPANY,

                            Defendant.

---------------------------------------------------------------x

**VERIFIED COMPLAINT**

Index No. _____

2017-1920

Plaintiff, as and for its Complaint, alleges that:

1.     Plaintiff Cameron Bridge Works, LLC ("CBW") is a New York State limited liability company with its principal office at 727 Blostein Boulevard, Horseheads, New York 14845.

2.     Upon information and belief, Defendant Allied World Specialty Insurance Company ("Allied") is a Delaware company f/k/a Darwin National Assurance Company ("Darwin") with its principal office at 30 South 17th Street, Philadelphia, PA 19103.

3.     Upon information and belief, Darwin was at all times relevant herein authorized to provide payment bonds for public projects in the State of New York.

4.     Upon information and belief, Burtis Construction Co., Inc. ("Burtis") entered into a contract with the County of Putnam ("Putnam") as general trades contractor for a project known as "Putnam Bikeway II Stage 4 - RFB-50-13 - Town of Southeast" ("Project").

5.     By Agreement dated June 4, 2014, CBW entered into a contract with Burtis for fabrication and delivery of certain bridges and bridge elements for the Project.  A copy of said contract is annexed hereto and incorporated herein as Exhibit "A" ("Agreement").

6.     CBW performed and furnished the following kinds of labor and materials for the Project: fabrication of two bridge spans and partial completion of three others as more fully described in the correspondence and invoices annexed hereto and incorporated herein as Exhibit "B" ("Performed Work").

7.     The principal sum of $365,436.62 is due and owing from Burtis to CBW for the Performed Work.

8.     Burtis has not timely arranged for delivery; therefore, storage fees of $10.00 per ton per day began accruing on May 1, 2015, in the total amount of $1,083.70 per day.

9.     Upon information and belief, the Project has not yet been completed and accepted.

10.     Upon information and belief, as required by Putnam and/or state law, Burtis provided a payment bond executed by Darwin.  A copy of the Payment [Labor and Material] Bond ("Payment Bond") is annexed hereto and incorporated herein as Exhibit "C."

11.     In the Payment Bond, Darwin agreed "that this bond shall be for the benefit of any materialmen or laborer having a just claim . . . ."

12.     Darwin further agreed in the Payment Bond that "All persons who have performed labor, rendered services or furnished materials and supplies, as aforesaid, shall have a direct right of action against the Principal . . . and the Surety (Sureties) herein, or against either or both or any of them and their successors and assigns."

-2-

13.     Claims covered by the Payment Bond include, but are not limited to, "Wages and compensation for labor performed and services rendered by all persons engaged in the prosecution of the Work under said Contract . . ." and "Materials and supplies (whether incorporated in the permanent structure or not) . . . ."

14.     The Performed Work constitutes labor performed, services rendered, and materials and supplies as set forth in the Payment Bond.

**<u>FIRST</u>**

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT, PLAINTIFF ALLEGES:**

15.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "14" above with the same force and effect as if set forth fully herein.

16.     Based on the foregoing, Allied/Darwin is liable to CBW for all amounts identified herein.

17.     Based on the foregoing, CBW has been harmed in the principal amount of $365,436.62; plus storage fees in the amount of $1,083.70 per day from May 1, 2015; plus pre-judgment interest at the rate set forth in the Agreement; plus attorneys' fees and collection costs.

WHEREFORE, Plaintiff demands judgment against Defendant in the amount of $365,436.62; plus storage fees in the amount of $1,083.70 per day from May 1, 2015; plus pre-judgment interest at the rate set forth in the Agreement; plus attorneys' fees and collection costs; and for such other and further relief as to the Court may seem just and proper.

Dated:  August ___, 2017

Sayles & Evans

Conrad R. Wolan, of counsel
Attorneys for Plaintiff
One West Church Street
Elmira, NY 14901
Telephone Number: (607) 734-2271

State of New York,    )
                    : ss.

County of Chemung. )

        Christopher D. Goll, being duly sworn, deposes and says that he is the President of Cameron Bridge Works, LLC, the Plaintiff named in the foregoing Complaint; that he has read the foregoing Complaint and knows the contents thereof; that the same is true to the knowledge of deponent, except as to the matters therein stated to be alleged on information and belief and as to those matters he believes it to be true.

                                                  _____

                                         Christopher D. Goll

Sworn to before me, this

_____ day of August, 2017.

_____

Notary Public

CONRAD R. WOLAN
Notary Public, State of New York
Chemung County No. 02WO6002407
Commission Expires Feb. 9, 20 18

-5-

**EXHIBIT A**



**1051 S MAIN ST, ELMIRA NY 14904**
PH: 607-734-9456      FAX: 607-733-4148
www.cameronbridgeworks.com

Date: June 4, 2014

TO: Burtis Construction - Don Hopper

REF: Putnam Bikeway Stage 4

It is a pleasure to submit our contract for the following items subject to the terms and conditions on page two of this contract. Prices are effective for 5 days. Quotation is based on engineer's drawing and/or information prepared by our Estimating Department. Price is subject to revision if design changes are requested.

**JOB:** (1) 42.935m, (1) 38.25m, (1) 33.778m, (1) 26.654m, (1) 26.640m L x 3.6m W Steel Truss Bridge as per quote of May 30, 2014.  Design drawings and calculations to follow with New York PE Seal.

**TERMS:** Base Bid ($526,150.20) + Financing Package ($7,892.25)          $534,042.45
5% payment with signed contract                                                                      $26,702.12
10% payment with Approval of shop drawings                                                 $53,404.25
Balance due and payable 45 days after delivery                                            $453,936.08
Burtis Construction provides copy of bond and joint check arrangement with owner (Putnam County)

*CBW will prepare lien paperwork but will not file – unless payment is not made by day 45. Lien will be filed on the 46th day after delivery. Project Financing is charged at .0052% per day (1.5% per month) on the 47th day forward. All filing, administrative, and legal fees will be applied if the 47th day is reached.*

Tax is the responsibility of the contractor/customer.

The seller reserves the right to access the bridge for a period of two years after its completion and final payment has been received for the purpose of inspection and quality control.

Design drawings and calculations are included in the above price.  Regardless of location of material, the title of material will not be released until final payment is made.

Allowable Design Stresses shall be in accordance with the American Association of State Highway and Transportation Officials (AASHTO) Guide Specifications for Pedestrian Bridges.

If more than one bridge (or bridge section) is being shipped, Cameron Bridge Works reserves the right to coordinate shipping that will mitigate cost for Cameron Bridge Works. *All deliveries will be between 1:00 pm and 4:00 pm.*

**SCHEDULING AND PAYMENTS:**
- Drawings and calculations will be ready 4 weeks after signed Contract and 1st payment has cleared.
- Bridge will be ready to ship in 10 weeks (1st bridge) Bridges 2-5 ships in (2) weeks intervals after approval of shop drawings and 2nd payment has cleared.

**\*\*PLEASE NOTE: If the Approval/Payment Timeline is not maintained, the fabrication time frame for bridge(s) may change.**
           (See Proposed Schedule Attached)
- Payments are to be made via Overnight Carrier of your choice.
- Fuel surcharge may apply.

If this proposal meets with your approval, kindly sign and return two copies.

ACCEPTED BY:                                                        APPROVED BY:

_____  6.4.14                      _____ 6/4/14
Linda Richardson             DATE                          Chris Goll - President         DATE
Burtis Construction                                              Cameron Bridge Works, LLC

## TERMS AND CONDITIONS

This order between Purchaser and Cameron Bridge Works, (hereinafter referred to as Seller) is subject to the following terms and conditions.

1. Terms and conditions of this document will prevail if there is any conflict with terms and conditions stated in specifications, plans, or other documents furnished by others, as long as plans and specifications are adhered to.

2. All exceptions, conditions, and subsequent modifications hereof must be separately submitted in writing for acceptance and will be binding only when executed by an officer of Seller. In no event, will any penalty clause of any nature whatsoever be binding on Seller. Purchaser waives the right of offset.

3. Unless otherwise stated, price includes transportation to nearest hard road. A two hour unload time frame is included as part of this contract price. Any delay over two hours will be paid by Owner/Contractor at the rate of $80.00/hour per each trailer payable to Cameron Bridge Works.

4. Any project on which work is delayed more than 7 days, for Purchaser's convenience, is subjected to additional charges for storage, handling, and insurance until work is resumed; and  may at Seller's option, be subject to price revision on basis of cost of materials and labor at date of delivery.

5. Seller assumes no responsibility for designs where Seller uses drawings furnished by others. Unless otherwise indicated, all materials shall be fabricated in accordance with Seller's shop drawings. Seller shall submit shop drawings, specifications, or other documents for written approval by Purchaser prior to fabrication. Purchaser shall have a reasonable time to approve the same or to notify Seller in writing of changes requested or suggested provided shop drawings meet the intent of contract drawings and specifications.

6. Purchaser shall be responsible for shop drawing approvals. Shop drawings approved by Purchaser and accepted by the Seller shall prevail as to size, configuration, looks, and type of manufactured product. This Contract allows for 2 submittal/reviews only. Additional charges will apply for additional submittal/reviews. Manufacturing schedules may change with the delay of shop drawings approval.

7. Any manufacturer's sale privilege, transportation, excise, use, or other tax, charge, duty or imposition of any type, incident to or imposed upon this transaction, or by reasons thereof, by any government authority, are for Purchaser's account.

8. The Seller will not be responsible for damage or loss rising from delays caused by lack of complete or correct data, revisions or changes, tardy approval of drawings, transportation, floods, fires, earthquakes, windstorms, the elements, labor disturbances, riots, strikes, accidents in Seller's plants or in the plants of those supplying material to Seller, inability to obtain, or delays in obtaining, material or skilled labor, accidents occurring during delivery, and any other causes whatsoever beyond Seller's control. If any of the above causes delay delivery by Seller, Seller shall be given a reasonable extension of time for completion of his work without penalty. Bridges that are painted or powder coated require and additional 1 – 2 weeks for cure time.

9. Seller shall not consider any claim of Purchaser or be liable to Purchaser for alleged defects in material or workmanship, unless Seller is given a reasonable opportunity to investigate and correct alleged errors or defects, and unless a written statement of claim detailing the alleged basis of error or defect is presented to the Seller as soon as discovered by the Purchaser; but in no event, more than thirty days after delivery of the materials under this contract.

10. Seller's liability, if any, shall extend only to replacement of like and kind of defective material and services and shall not extend to direct or resultant damage, which arises therefrom, nor to the replacement of items furnished by other traders.

11. Since material which is the subject hereof may be custom made, this contract (after execution by both parties) may be cancelled only by consent of all parties, except that if Purchaser is or becomes delinquent in payment for materials shipped under this or prior orders, or if Purchaser's credit standing shall not be maintained satisfactory to Seller, Seller may withhold further shipment or may cancel the incomplete portion thereof, and will in that event, be entitled to compensation for the full portion of performance by Seller prior to cancellation. Notice is hereby given that Seller will not agree to cancellation without charge if engineering detailing has been started, if special stock has been purchased, manufactured, or fabricated, if material has been assembled for loading; or if order is loading or is en route to, or has arrived at destination, or has been unloaded by Purchaser.

12. Credit terms are stated on the face of this order and, unless otherwise indicated, are Net Cash upon completion. Costs of collection, legal fees, and service charges shall be charged to Purchaser. **THIS AGREEMENT SHALL BE CONSTRUED IN ACCORDANCE WITH GOVERNING LAWS OF THE STATE OF NEW YORK, CHEMUNG COUNTY AS AMENDED HEREIN. ACCOUNTS PAST DUE SHALL BEAR INTEREST AT THE PRIME RATE PLUS FIVE PERCENT ANNUM OR AS STATED UNDER "TERMS".**

13. Cameron Bridge Works warranties the products sold herein. Warranties against materials and labor defects for one (1) year from shipment of products to Purchaser. All warranties given to Cameron Bridge Works by Suppliers will pass through to Purchaser. **Warranties will not be issued until final payment is made to Cameron Bridge Works.**

14. This Agreement constitutes the entire and complete agreement between the parties hereto and supersedes any prior oral or written agreements between the parties with respect to the property. It is expressly agreed that there are no verbal understanding or agreements with in any way changes the terms, covenants and conditions set forth herein, and that no modification of this Agreement and no waiver of any of its terms and conditions shall be effective unless made in writing and duly executed by the parties hereto.

Page Two of Six

Please initial & date:

Please initial & date:



**CAMERON BridgeWorks, LLC**

1051 S MAIN ST, ELMIRA NY 14904
PH: 607-734-9456     FAX: 607-733-4148
www.cameronbridgeworks.com

**\*\*REVISION #1\*\***

To:     Don Hopper – Burtis Construction

Date:   May 30, 2014

RE:     QUOTE FOR:

| 12/11/13 | Putnam Bikeway Stage 4 | NY | RFB 50-13 |
|---|---|---|---|
| | Specs.: - Item 564.80NN-11 Pages 126-132 | | Addendums #1, #2 |
| | Plans: - PB-1 to PB-4, AB-1 to AB-2, P-1 to P-2 | | |

Cameron Bridge Works is pleased to offer the following quote for the above referenced project. This letter will outline the scope of work, which Cameron Bridge Works intends to perform according to the received specifications.

- Deliver:          F. O. B. Site, Nearest Hard Road- Putnam County, New York
- Bridge Type:      Cameron Bridge Works Steel Truss
- Type of Steel:    A-588 Self-Weathering Steel, A-847, A-242
- Type of Floor:    20 gauge galvanized pan (you will need - 6" concrete, #4 rebar at 12" on center longitudinally, 6x6-W4xW4 welded wire fabric).
- Live Load:        90 p.s.f.
- Vehicular Load:   M9
- Wind Load:        30 p.s.f.
- Camber:           Per Specification
- Bearing Plates:   Included
- Bearing Pads:     Included – Neoprene, Teflon, Stainless Steel
- Chain Link Fence: Yes – 1" Mesh PVC Coated Fabric (Fabric Only) – Fence Frame Weathering Steel - welded to frame
- Anchor Bolts:     Not Included
- Abrasive Blast:   Blast Clean No. 6 Finish
- Hand Rail:        Yes – Schedule 40, Galvanized
- Toe Plate:        No
- Engineering:      New York PE Seal
- Paint:            No
- Skew:             1 End Skewed on Bridges 3 & 4
- AISC:             Major Bridge Certification with Fracture Critical & Sophisticated Paint Endorsement.
- **TOTAL COST:**   $526,150.20

\*\*Laminated Bearings if needed ADD: $8,000.00 per bridge
\*\*PVC Fence Frame if needed ADD: $5,000.00 per bridge

Please initial & date: _____        Page Three of Six        Please initial & date: _____

## Bridge Dimensions

|  | Bridge #1 | Bridge #2 | Bridge#3 |
|---|---|---|---|
| • Span: (Overall Length) | 42.935m Long | 38.25m Long | 33.778m Long |
| • Width:(Clear Pathway) | 3.6m Wide | 3.6m Wide | 3.6m W |
| • Field Splice: | Yes | Yes | Yes |
| • Number of Pieces: | Two | Two | Two |
| • Lifting Weight, Approximately: | 72,000 lbs. | 62,000 lbs. | 44,000 lbs. |
| • Elevation: | Per Spec | Per Spec | Per Spec |

|  | Bridge #4 | Bridge #5 |
|---|---|---|
| • Span: (Overall Length) | 26.654m Long | 26.640m Long |
| • Width:(Clear Pathway) | 3.6m Wide | 3.6m Wide |
| • Field Splice: | No | No |
| • Number of Pieces: | One | One |
| • Lifting Weight, Approximately: | 27,000 lbs. | 27,000 lbs. |
| • Elevation: | Per Spec | Per Spec |

The above bridge price does not include site construction costs, erection, taxes, or unloading costs.

Not only do we supply bridges, but we also offer a *complete-in-place*-package.

Engineering/Design:   4 weeks after signed contract and deposit. (Subject to workload at the time of Contract)

Bridge Delivery:   10 weeks (1st bridge), Bridges 2 – 5 ships in 2 week intervals – after approval of shop drawings & payment. (Subject to workload at time of Contract) (Delivery to the nearest hard road) "Additional charges will apply if delivery goes beyond the nearest hard road." (Subject to truck driver's judgment)

*Delivery of bridge(s) may be delayed due to the lead time of Hardwood Decking.
*Delivery of bridge(s) may be delayed due to the cure time of Painted Bridges.

Please initial & date:                    Please initial & date: _____ 6/4

TERMS: Base Bid ($526,150.20) + Financing Package ($7,892.25)        $534,042.45
    5% payment with signed contract        $26,702.12
    10% payment with Approval of shop drawings        $53,404.25
    Balance due and payable 45 days after delivery        $453,936.08
    Burtis Construction provides copy of bond and joint check arrangement with owner (Putnam County)

Time frames are excluding holidays.

Copy of check required before final shipping permits are purchased.

We welcome the owner to inspect our plant and fabrication practices for up to 5 days at no additional charge to the owner. Additional inspection time may be arranged with changes to the contract of $400/day.

Structural design of the bridge will be performed by or under the supervision of a Professional Engineer with shop drawings submitted for approval prior to fabrication. This Contract allows for 2 submittal/reviews only. Additional charges will apply for additional submittal/reviews. All welds are visually inspected.

If there is a contradiction between the drawings and the specifications, this quote is based on the drawings.

If approach rails are contracted, the length and slope must be provided by the customer's survey.

Allowable Design Stresses shall be in accordance with the American Association of State Highway and Transportation Officials (AASHTO) Guide Specifications for Pedestrian Bridges.

Three-dimensional analysis of bridge and dynamic loading is not included in the quoted price.

This price does not include a combination of these three superstructure requirements: out of elevation, skew and camber.

The proposal considers that the above referenced bridge will be designed and fabricated with the assumptions and specifications herein. Any specification changes or varying interpretations of these specifications may have cost impacts that will need to be reviewed for re-pricing at that time.

Warranties will not be issued until final payment is made to Cameron Bridge Works.

This quote will expire 30 days from the date issued unless otherwise specified by Cameron Bridge Works.

Please add tax if applicable.

If more than one bridge (or bridge section) is being shipped, Cameron Bridge Works reserves the right to coordinate shipping that will mitigate cost for Cameron Bridge Works. Invoices will be generated per bridge section based on square footage and balance due of C.O.D. amount.

We appreciate the opportunity to provide you with this proposal. If you have any questions or concerns I can be reached, toll free, on (888) 327-4343 or after 5:00p.m or you can contact me on my cell phone (607) 742-0166.

Sincerely,


Christina M. Brown - Cameron Bridge Works
(Formerly Echo Bridge/Decker, Inc.)


Please initial & date: _____

Page Five of Six

Please initial & date: _____



**1051 S MAIN ST, ELMIRA NY 14904**
PH: 607-734-9456      FAX: 607-733-4148
www.cameronbridgeworks.com

## PROPOSED SCHEDULE
## Job – Putnam Bikeway Stage 4

If Contract is signed by: 6/9/14

Proposed Schedule starting the week of:  6/9/14

( ) Four Weeks for completion of shop drawings/calculations:        7/7/14

( ) Two Weeks for approval of shop drawings/calculations allowed:  7/21/14

( ) Ten Weeks for fabrication of bridge:   9/29/14

This proposed schedule is only effect if all the time frames and payments
are met in the contract, any delay in the proposed schedule will cause a change in the
fabrication schedule of your product.

1. Sign contract and send deposit payment.
2. Return approved shop drawings and calculations with in (2) weeks of receipt.
3. Send Payment (overnight carrier) for the approval of shop drawings and calculations.
4. Send Payment for bridges within 45 days of delivery

Page Six of Six

Please initial & date: _6.4.14._        Please initial & date: _6/4_

**EXHIBIT B**

Cameron Bridge Works LKC
1051 S. Main Street
Elmira, NY 14904
607.734.9456

**Invoice**

| Date | Invoice # |
|------|-----------|
| 1/27/2015 | 97 |

| Bill To: |
|----------|
| Burtis Construction Co., Inc. |
| 740 Nepperhan Avenue |
| Yonkers, NY 10703 |

| Proj ID | 2019 CBW |
|---------|----------|

| Item | Description | Amount |
|------|-------------|--------|
| Bridge | 564.8001-11 Span # 1 Prefabricated Superstructure | $ 172,359.09 |

| Total Due | $ 172,359.09 |
|-----------|--------------|
| Paid as Deposit, Check 001692 | $   5,340.42 |
| **Balance Due** | $ 167,018.67 |

Cameron Bridge Works LKC
1051 S. Main Street
Elmira, NY 14904
607.734.9456

**Invoice**

| Date | Invoice # |
|------|-----------|
| 1/27/2015 | 98 |

| Bill To: |
|----------|
| Burtis Construction Co., Inc. |
| 740 Nepperhan Avenue |
| Yonkers, NY  10703 |

| Proj ID | 2019 CBW |
|---------|----------|

| Item | Description | Amount |
|------|-------------|--------|
| Bridge | 564.8002-11 Span # 2 Prefabricated Superstructure (85% of Material Costs) | $   51,134.09 |

| | |
|------|------|
| **Total Due** | $   51,134.09 |
| Paid as Deposit, Check 001692 | $     5,340.42 |
| Balance Due | $   45,793.67 |

Cameron Bridge Works LKC
1051 S. Main Street
Elmira, NY 14904
607.734.9456

**Invoice**

| Date | Invoice # |
|------|-----------|
| 1/27/2015 | 99 |

| Bill To: |
|----------|
| Burtis Construction Co., Inc. |
| 740 Nepperhan Avenue |
| Yonkers, NY 10703 |

| Proj ID | 2019 CBW |
|---------|----------|

| Item | Description | Amount |
|------|-------------|--------|
| Bridge | 564.8003-11 Span # 3 Prefabricated Superstructure (85% of Material Costs) | $  51,134.09 |

| | Amount |
|--|--------|
| **Total Due** | $  51,134.09 |
| Paid as Deposit, Check 001692 | $   5,340.42 |
| **Balance Due** | $  45,793.67 |

Cameron Bridge Works LKC
1051 S. Main Street
Elmira, NY 14904
607.734.9456

**Invoice**

| Date | Invoice # |
|------|-----------|
| 1/27/2015 | 100 |

| Bill To: |
|----------|
| Burtis Construction Co., Inc. |
| 740 Nepperhan Avenue |
| Yonkers, NY 10703 |

| Proj ID | 2019 CBW |
|---------|----------|

| Item | Description | Amount |
|------|-------------|--------|
| Bridge | 564.8004-11 Span # 4 Prefabricated Superstructure (85% of Material Costs) | $ 51,134.09 |

| | |
|---|---|
| **Total Due** | **$ 51,134.09** |
| Paid as Deposit, Check 001692 | $ 5,340.42 |
| **Balance Due** | **$ 45,793.67** |

Cameron Bridge Works LKC
1051 S. Main Street
Elmira, NY 14904
607.734.9456

**Invoice**

| Date | Invoice # |
|------|-----------|
| 1/27/2015 | 101 |

| Bill To: |
|----------|
| Burtis Construction Co., Inc. |
| 740 Nepperhan Avenue |
| Yonkers, NY 10703 |

| Proj ID | 2019 CBW |
|---------|----------|

| Item | Description | Amount |
|------|-------------|--------|
| Bridge | 564.8005-11 Span # 5 Prefabricated Superstructure | $ 66,377.36 |

| | | |
|---|---|---|
| Total Due | | $ 66,377.36 |
| Paid as Deposit, Check 001692 | | $ 5,340.42 |
| | Balance Due | $ 61,036.94 |



**1051 SOUTH MAIN STREET, ELMIRA, NEW YORK 14904**
PHONE: (607) 734-9456    FAX: (607) 733-4148
www.cameronbridgeworks.com

April 9, 2015

Burtis Construction Company, Inc.
Attn: Don Hopper/Linda Richardson
740 Nepperhan Avenue
Yonkers, NY 10703

Re: 2019 CBW Putnam County Bikeway Stage 4

Linda,

This letter is to inform all parties involved that the Putnam Bikeway Stage IV project effective **May 1, 2015** is being officially moved to our "Deep Storage" area, and will start incurring storage fees at the rate of $10.00 ton per day. The list below is the schedule of fees and weights affected by this move.

The reasons for this move will be outlined in this letter. We would like to work with all parties involved to resolve these issues and continue production on your project, however, we must bring resolution to these issues before production can resume.

1) *PAYMENT-* Cameron Bridge Works has only received payment 1 on the contract, that payment Invoice # 40 is dated 7/16/14.  There currently are several open invoices
   *a)*  #97 $167,018.67      Dated 1/27/15
   *b)*  #98 $45,793.67       Dated 1/27/15
   *c)*  #99 $45,793.67       Dated 1/27/15
   *d)*  #100 $45,793.67      Dated 1/27/15
   *e)*  #101 $61,036.94      Dated 1/27/15

2) *SCHEDULE-* The original schedule was as follows: Span 1 due to deliver 10 weeks from approval, (approval date 11/6/14) 10 weeks date was 1/15/15. The remaining bridges were to ship in (2) two week intervals after Span 1, completing the deliveries by 3/12/15.

Cameron Bridge Works will require that invoicing be brought current and all future payments and deliveries shall be set and agreed to by both parties, before production can be proceed.

On 1/14/15 a representative from Putnam County (Katherine Blaustein) visited our facility to verify and observe the work that had been performed. Several photos were taken as well as all the material required for this project was verified to be on the premises. Also (2) spans were verified complete (with the exception of the deck pan).

On 2/5/15 Cameron Bridge Works sent out the request for partial payment and as of today's date 4/9/15 there still has been no payment received.

### STORAGE FEE SCHEDULE

Span #1 Weight 34.07 ton = $340.70 / day
Span #2 Weight 27.1 ton = $271.00 / day
Span #3 Weight 19.6 ton = $196.00 / day
Span #4 Weight 13.8 ton = $138.00 / day
Span #5 Weight 13.8 ton = $138.00 / day

- All weights are of finished spans, so bridge spans that are not completed do not include weights of material that has not yet been.cut.

Cameron Bridge Works has tried diligently to resolve this matter on several occasions and cannot proceed until these matters are resolved. If you have any questions please feel free to contact me directly.

Sincerely,


David L. Barton
Division Manager
Cameron Bridge Works
607-734-9456



CC: Linda Richardson
    Don Hopper
    Katherine Blaustein
    Fred Pena

**EXHIBIT C**

## PAYMENT [LABOR AND MATERIAL] BOND
### #D00000518

KNOW ALL MEN BY THESE PRESENTS, that we,  __BURTIS CONSTRUCTION CO., INC.__
__740 NEPPERHAN AVENUE__
__YONKERS, NEW YORK 10703__

hereinafter referred to as the "Principal", and  __DARWIN NATIONAL ASSURANCE COMPANY__
__1690 NEW BRITAIN AVENUE, SUITE 101__
__FARMINGTON, CONNECTICUT 06032__

hereinafter referred to as the "Surety" are held and firmly bound to THE COUNTY OF PUTNAM, NEW YORK, hereinafter referred to as the "COUNTY", or to its successors and assigns in the penal sum of _____
__FIVE MILLION, THREE HUNDRED EIGHTY-SIX THOUSAND SIX HUNDRED EIGHTY-FIVE AND 36/100__

Dollars ($__5,386,685.36__), lawful money of the United States, for the payment of which said sum of money well and truly to be made, we, and each of us, bind ourselves, our heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents.

WHEREAS, the Principal is about to submit (or has submitted) to the COUNTY the accompanying proposal, hereby made a part hereof, to enter into a contract in writing for _____
__PUTNAM BIKEWAY II STAGE 4 - RFB 50-13 - TOWN OF SOUTHEAST__

a copy of which Contract is annexed to and hereby made a part of this bond as though herein set forth in full;

NOW, THEREFORE, the conditions of this obligation are such that if the Principal, his or its representatives or assigns and other Subcontractors to whom Work under this Contract is sublet and his or their successors and assigns shall promptly pay or cause to be paid all lawful claims for:

(a) Wages and compensation for labor performed and services rendered by all persons engaged in the prosecution of the Work under said Contract, and any amendment or extension thereof or addition thereto, whether such persons be agents servants or employees of the Principal or any such Subcontractor, including all persons so engaged who perform the work of laborers or mechanics at or in the vicinity of the Project regardless of any contractual relationship between the Principal or such Subcontractors, or his, her or their successors or assigns, on the one hand and such laborers or mechanics on the other, but not including office employees not regularly stationed at the site of the project; and

(b) Materials and supplies (whether incorporated in the permanent structure or not), as well as teams, fuels, oils, implements or machinery furnished, used or consumed by said Principal or any subcontractor at or in the vicinity of the site of the Project in the prosecution of the Work under said Contract and any amendment or extension thereof or addition thereto; then this obligation shall be void, otherwise to remain in full force and effect.

This bond is subject to the following additional conditions, limitations and agreements:

(a) The Principal and Surety (Sureties) agree that this bond shall be for the benefit of any materialmen or laborer having a just claim, as well as the COUNTY itself.

(b) All persons who have performed labor, rendered services or furnished materials and supplies, as aforesaid, shall have a direct right of action against the Principal and his, her, its or their successors and assigns, and the Surety (Sureties) herein, or against either or any of them and their successors and assigns. Such persons may sue in their own name, and may prosecute the suit to judgment and execution without the necessity of joining with any other persons as party plaintiff.

(c) The Principal and Surety (Sureties) agree that neither of them will hold the COUNTY liable for any judgment for costs or otherwise, obtained by either or both of them against a laborer or materialman in a suit brought by either a laborer or materialman under this bond for moneys allegedly due for performing work or furnishing material.

PAYMENT BOND

(d) The Surety (Sureties) or its successors and assigns shall not be liable for any compensation recoverable by an employee or laborer under the Workmen's Compensation Law.

(e) In no event shall the Surety (Sureties), or its successors or assigns, be liable for a greater sum than the penalty of this bond or be subject to any suit, action or proceeding hereon that is instituted by any person, firm, or corporation hereunder later than two years after the complete performance of said Contract and final settlement thereof.

The Principal, for himself / herself / itself and successors and assigns, and the Surety (Sureties), for itself and its successors and assigns, do hereby expressly waive any objection that might be interposed as to the right of the COUNTY to require a bond containing the foregoing provisions, and they do hereby further expressly waive any defense which they or either of them might interpose to an action brought hereon by any person, firm or corporation, including subcontractors, material men and third persons, for work, labor, services, supplies or material performed rendered, or furnished as aforesaid upon the ground that there is no law authorizing the COUNTY to require the foregoing provisions to be placed in this bond.

And the Surety (Sureties), for value received, for itself and its successors and assigns, hereby stipulates and agrees that the obligation of said Surety (Sureties), and its bonds shall be in no way impaired or affected by any extension of time, modification, omission, addition, or change in or of the said Contract or the work to be performed thereunder, or by any payment thereunder before the time required therein, or by any waiver of any provisions thereof, or by any assignment, subletting or other transfer thereof or of any part thereof, or of any Work to be performed, or any moneys due to become due thereunder and said Surety (Sureties) does hereby waive notice of any and all of such extensions, modifications, additions, changes, payments, waivers, assignments, subcontracts and transfers, and hereby expressly stipulates and agrees that any and all things done and omitted to be done by and in relation to assignees, Subcontractors, and other transferees shall have the same effect as to said Surety (Sureties) as though done or omitted to be done or in relation to said Principal.

IN WITNESS HEREOF, the Principal and the Surety (Sureties) have hereunto set their hands and seals, and such of them as are corporations have caused their corporate seals to be hereunto affixed and these presents to be signed by their proper officers, this 10TH day of __MARCH__ , 2014 .

(Seal)

BURTIS CONSTRUCTION CO., INC.(L.S.)
          Principal

By: _____

(Seal)

DARWIN NATIONAL ASSURANCE COMPANY(L.S.)
          Surety

By: X _____
DENNIS M. O'BRIEN - ATTORNEY-IN-FACT

(Seal)

_____(L.S.)
          Surety


By: _____

(Seal)

_____(L.S.)
          Surety

PAYMENT BOND

By: _____

(Seal)                                      _____(L.S.)
                                                      Surety

                                            By: _____

If the Contractor (Principal) is a partnership, the bond should be signed by each of the individuals who are partners.

If the Contractor (Principal) is a corporation, the bond should be signed in its correct corporate name by a duly authorized officer, agent, or attorney-in-fact.

There should be executed an appropriate number of counterparts of the bond corresponding to the number of counterparts of the Contract.

## ACKNOWLEDGEMENT OF PRINCIPAL, IF A CORPORATION

State of _____
County of _____ ss:

On this ___ day of _____ 2014 before me personally came to me known, _____
_____ who, being by me duly sworn, did depose and say that he/she is the
_____ of
_____
___ the corporation described in and which executed the foregoing instrument; that he/she knows the seal of said corporation; that one of the seals affixed to said instrument is such seal; that it was so affixed by order of the directors of said corporation, and that he/she signed his/her name thereto by like order.

## ACKNOWLEDGEMENT OF PRINCIPAL, IF A PARTNERSHIP

State of _____
County of _____ ss:

On this _____ day of _____, _____, before me personally appeared _____
_____ to me known and known to me to be one of the members of the
firm of _____ described in and who executed the foregoing instrument, and he/she
acknowledged to me that he/she executed the same as and for the act and deed of said firm.

_____
Notary Public

CASSOTTA LEONILDA, E.
Notary Public, State of New York
No. 5647578
Qualified in Westchester County
Commission Expires Sept. 30, 2014

PAYMENT BOND

ACKNOWLEDGEMENT OF PRINCIPAL, IF AN INDIVIDUAL

State of _____
County of _____ ss:

On this _____ day of _____, _____, before me personally appeared _____
_____ to me known and known to me to be the person described in and who
executed the foregoing instrument and acknowledged that he/she executed the same.

_____
Notary Public

Each executed bond should be accompanied by: (a) appropriate acknowledgments of the respective parties; (b) appropriate duly certified copy of Power of Attorney or other certificate of authority where bond is executed by agent, officer or other representative of Principal or Surety; (c) a duly certified extract from By-Laws or resolutions of Surety under which Power of Attorney or other certificate of authority of its agent, officer or representative was issued, and (d) certified copy of latest published financial statement of assets and liabilities of Surety.

AFFIX ACKNOWLEDGMENTS AND JUSTIFICATION OF SURETIES.

PAYMENT BOND

## ACKNOWLEDGMENT BY SURETY COMPANY
(Signed by One Authorized Person)

STATE OF NEW YORK )
                  )ss:
COUNTY OF         )
WESTCHESTER

On this ___10th___ day of ___March_____, 20 14 before me personally

came___DENNIS M. O'BRIEN_____personally known and known to me to be

_____ATTORNEY-IN-FACT_____ of _Darwin National Assurance Company____the

Corporation described in and which executed the within instrument, who being by me duly sworn

did depose and say that he resides at ____NORTH MERRICK, NEW YORK_____

and that he/she is ___ATTORNEY-IN-FACT_____of said Corporation and knows the Corporate

Seal of the said Corporation; that the seal affixed to the within instrument is such Corporate Seal

and so affixed by order of the Board of Directors of said Corporation and that he/she signed his/her

name thereto by like order; and that the said Corporation has received from the Superintendent of

Insurance of the State of New York a Certificate of Solvency, and of its sufficiency as Surety or

Guarantor, pursuant to Section 327 of the Insurance Law of the State of New York as amended,

and that such Certificate has not been revoked.

_____
Signature/Notary

My Commission Expires:

ALICE McCARTHY
NOTARY PUBLIC, State of New York
No 01MC5C79342
Qualified in Dutchess County
Commission Expires June 02, ___2015

6/02-th



# DARWIN NATIONAL ASSURANCE COMPANY

30 S. 17th St, Suite 810, Philadelphia, PA 19103

## POWER OF ATTORNEY

Issue Date: October 10, 2013          No. 133          Single Transaction Limit $10,000,000

**KNOW ALL MEN BY THESE PRESENTS:**

Darwin National Assurance Company, a Delaware corporation (the "Company") does hereby appoint

NAME(s):     William D. Haas                    Dennis M. O'Brien

FIRM: USI Insurance Services of Briarcliff, NY          OFFICE LOCATION: 555 Pleasantville Road, Suite 310 N., Briarcliff, NY 10510

It's true and lawful Attorney(s)-in-Fact, with full authority to execute on its behalf bonds, undertakings, recognizances and other contracts of indemnity and writings obligatory in the nature thereof, issued in the course of its business, and to bind the Company thereby. This Power of Attorney shall remain in full force and effect for one year from the issued date above-referenced and shall expire on close of business of the first anniversary of such issue Date.

IN WITNESS WHEREOF,  DARWIN NATIONAL ASSURANCE COMPANY has caused these presents to be executed by the officer named below, who is duly authorized and empowered to execute on the Company's behalf.

This 10th day of October, 2013

> COMMONWEALTH OF PENNSYLVANIA
> NOTARIAL SEAL
> MICHAEL W. ZAHODSKI, Notary Public
> City of Philadelphia, Phila. County
> My Commission Expires November 18, 2014

Name: Robert E. Staples
Title: Senior Vice President

State of Pennsylvania
County of Philadelphia    } ss.

On this 10th day of October, 2013 before me came the above-named officer of DARWIN NATIONAL ASSURANCE COMPANY, to me personally known to be the individual and officer described herein, and acknowledged that he executed the foregoing instrument and affixed the seals of said corporation thereto by authority of his office.

Notary: Michael W. Zahodski
My Commission Expires: 11-18-2014

## CERTIFICATE

Excerpt of Resolution adopted by the Board of Directors of the DARWIN NATIONAL INSURANCE COMPANY, on December, 2012:

"RESOLVED, that the President, or any Vice President be, and hereby is, authorized to appoint Attorneys-In-Fact to represent and act for and on behalf of the Company to execute bonds, undertakings, recognizances and other contracts of indemnity and writings obligatory in the nature thereof, and to attach thereto the corporate seal of the Company, in the transaction of its surety business;

"RESOLVED, that the signatures and attestations of such officers and the seal of the Company may be affixed to any such Power of Attorney or to any certificate relating thereto by facsimile, and any such Power of Attorney or certificate bearing such facsimile signatures or facsimile seal shall be valid and binding upon the Company when so affixed with respect to any bond, undertaking, recognizance or other contract of indemnity or writing obligatory in the nature thereof;

"RESOLVED, that the facsimile or mechanically reproduced signature of the Secretary of the Company, whether made heretofore or hereafter, wherever appearing upon a copy of any Power of Attorney of the Company, with signatures affixed as next above noted, shall be valid and binding upon the Company with the same force and effect as though manually affixed."

"RESOLVED, that any such Attorney-In-Fact delivering a secretarial certification that the foregoing resolutions still be in effect may insert in such certification the date thereof, said date to be not later than the date of delivery thereof by such Attorney-In-Fact."

I, TIMOTHY J. CURRY, Secretary of the DARWIN NATIONAL INSURANCE COMPANY, do hereby certify that the foregoing excerpts of Resolution adopted by the Board of Directors of this corporation, and the Power of Attorney issued pursuant thereto, are true and correct, and that both the Resolution and the Power of Attorney are in full force and effect.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the facsimile seal of the corporation, this 1.0day of March          , 2014

Secretary:

SUR 00007 00 (11/2012)

## DARWIN NATIONAL ASSURANCE COMPANY - NAIC # 16624

CONDENSED STATUTORY BASIS
FINANCIAL STATEMENT

AS OF DECEMBER 31, 2012

### ADMITTED ASSETS

| | | |
|---|---|---|
| BONDS | | 382,294,138 |
| COMMON STOCKS | | 62,109,856 |
| INVESTMENT IN SUBSIDIARIES | | 62,163,733 |
| CASH & SHORT TERM INVESTEMENTS | | 69,002,260 |
| AGENTS BALANCES OR UNCOLLECTED PREMIUMS | | 63,177,009 |
| OTHER ASSETS | | 98,294,379 |
| TOTAL ASSETS | $ | 737,041,375 |

### LIABILITIES

| | |
|---|---|
| RESERVE FOR LOSSES | 122,225,488 |
| RESERVE FOR LOSS ADJUSTMENT EXPENSES | 39,786,036 |
| RESERVE FOR UNEARNED PREMIUMS | 45,333,711 |
| ALL OTHER LIABILITIES | 161,274,129 |
| TOTAL LIABILITIES | 368,619,364 |

### CAPITAL AND SURPLUS

| | | | |
|---|---|---|---|
| SPECIAL SURPLUS FUNDS | - | | |
| CAPITAL STOCK · | 3,500,000 | | |
| CAPITAL IN EXCESS OF PAR VALUE | 180,714,690 | | |
| UNASSIGNED SURPLUS | 184,207,321 | | |
| TOTAL CAPITAL AND SURPLUS | | | 368,422,011 |
| TOTAL | | $ | 737,041,375 |

In the state of New York, county of New York, Robert Larson _____ personally appeared
before the undersigned who being duly sworn, deposes and says that he is the Vice President and Treasurer of
Darwin National Assurance Company and that the foregoing statement is correct and true.

NOTARY    Sworn to and Subscribed before Me this 6th day of June, 2013

Signature _____    My Commission Expires __09/18/2014__

MURZENA LEUNG
Notary Public, State of New York
01LE6152740
Qualified In Queens County
Commission Expires Sept. 18, 20